## RED HARRIS v. STATE.

No. A-3208.   Opinion Filed April 12, 1919.

Appeal from County Court, Pittsburg County;

S. F. Brown, Judge.

Red Harris, convicted of a violation of the prohibitory liquor law, appeals.   Affirmed.

Jno. W. Crow, for plaintiff in error.

W. C. Hall. Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, Red Harris, was convicted on a charge that he did have in his possession certain intoxicating liquor, to wit, about forty-eight gallons of Choctaw beer, with intent to sell the same, and was sentenced to be confined in the county jail for forty days and to pay a fine of $75, and the costs.

No brief has been filed in behalf of plaintiff in error, and the cause was submitted on motion of the Attorney General to affirm the judgment for failure to prosecute the appeal.   The evidence for the state supports the allegations of the information and is uncontradicted.   The judgment is therefore affirmed.

## E. G. GOLDSMITH v. STATE.

No. A-3361.   Opinion Filed April 17, 1919.

Appeal from District Court, Garfield County;

J. C. Robberts, Judge.

E. G. Goldsmith, convicted of keeping a place with intent to sell intoxicating liquors, appeals.   Reversed.

H. J. Sturgis, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, E. G. Goldsmith, was convicted in the district court of Garfield county of keeping a place in the city of Enid, known as the "Eagle Hall," with the felonious intent and purpose of selling intoxicating liquors and his punishment fixed at confinement in the county jail for thirty days and a fine of $250.   To reverse the judgment an appeal was perfected by filing in this court on May 16, 1918, a petition in error with case-made.

In the case of Proctor v. State, 15 Okla. Cr. 338, x76 Pac. 771, the statute upon which this prosecution is based was held unconstitutional and void.   For the reasons stated in the opinion in that case, the judgment is reversed.